UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ARTAVEUS DAWSON, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No.  3:20-CV-297-RLJ-HBG |
| | ) | |
| OAK RIDGE POLICE DEPARTMENT, | ) | |
| OAK RIDGE POLICE OFFICERS, | ) | |
| ANDERSON COUNTY DETENTION | ) | |
| FACILITY MEDICAL STAFF, | ) | |
| ANDERSON COUNTY DETENTION | ) | |
| FACILITY PROVIDER, OAK RIDGE | ) | |
| METHODIST MEDICAL CENTER, | ) | |
| and OAK RIDGE METHODIST | ) | |
| PROVIDER, | ) | |
| | ) | |
| **Defendants.** | | |

## <u>MEMORANDUM & ORDER</u>

The Court is in receipt of a pro se prisoner's amended complaint under 42 U.S.C. § 1983

[Doc. 6], a motion for leave to proceed *in forma pauperis* [Doc. 5], and an amended motion for

leave to proceed *in forma pauperis* [Doc. 7].  For the reasons set forth below, Plaintiff's motions

for leave to proceed *in forma pauperis* [Docs. 5 and 7] will be **GRANTED** and Plaintiff shall have

fifteen days to file an amended complaint.

### I.      FILING FEE

It appears from the motions for leave to proceed *in forma pauperis* [*Id.*] that Plaintiff lacks

sufficient financial resources to pay the filing fee.  Accordingly, pursuant to 28 U.S.C. § 1915,

these motions [*Id.*] will be **GRANTED**.

Because Plaintiff is an inmate at the Anderson County Detention Facility, he will be

**ASSESSED** the civil filing fee of $350.00.  The custodian of Plaintiff's inmate trust account will

be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902 as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk also will be **DIRECTED** to furnish a copy of this order to the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.    SCREENING STANDARD

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A). The dismissal standard articulated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive

an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

### III.    ANALYSIS

In his complaint, Plaintiff states that after he was arrested on May 24, 2020, one named officer (whom Plaintiff has not named as a Defendant) and other unnamed officers used excessive force against him on two separate occasions before taking him to jail [Doc. 7 p. 4]. Plaintiff also alleges that when he arrived at the Anderson County Detention Facility, he requested medical treatment for his nose and, after he received x-rays showing that his nose was broken, he was taken to Oak Ridge Hospital for treatment [*Id.*].

When Plaintiff left the hospital, the doctor there told Plaintiff he would need to see a doctor to get his nose reset within seven working days [*Id.* at 5]. But despite Plaintiff making several inquiries about this appointment, his nose still had not been reset as of July 6, 2020, at least in part because the doctor that the jail contacted to provide this care said that he did not need to see Plaintiff at the time, and the jail medical provider agreed [*Id.* at 4, 5]. However, an unnamed jail medical provider later told Plaintiff that the doctor the jail contacted could not see Plaintiff due to coronavirus [*Id.*]. Regardless, now Plaintiff's nose has healed broken and will have to be broken again to be reset [*Id.*].

3

Plaintiff has sued the Oak Ridge Police Department, Oak Ridge Police Officers, Anderson County Detention Facility Medical Staff, Anderson County Detention Facility Provider, Oak Ridge Methodist Medical Center, and Oak Ridge Methodist Provider [*Id.* at 1, 3]. The only relief Plaintiff seeks is for the Court "to notice that [his] civil rights have been violated" [*Id.* at 6].

However, the Anderson County Detention Facility Medical Staff is not a suable entity under §1983. *Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (concluding "that the defendant medical departments are not 'persons' under § 1983"). Likewise, the Oak Ridge Police Department is not a suable entity under § 1983. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (holding that a county police department was not an entity that may be sued under § 1983). Moreover, Plaintiff has not set forth any facts from which the Court can plausibly infer that Anderson County or the City of Oak Ridge may be liable for any alleged violation of his constitutional rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (holding that a governmental entity may be liable under § 1983 only where its official custom or policy causes a constitutional rights violation).

Further, while Plaintiff set for the name of one officer he alleges used excessive force against him in his complaint, he did not name that officer as a Defendant, but instead named "Oak Ridge Police Officers" [*Id.* at 3]. Also, while Plaintiff named an "Anderson County Detention Facility Provider" as a Defendant, he does not specify how this unnamed medical provider violated his constitutional rights [*Id.* at 5].

Additionally, it does not appear that the Oak Ridge Methodist Medical Center or its medical provider is a state actor that may be subject to liability under § 1983. *Wheatley v. Marshall Cty. Hosp.*, No. 5:18-CV-P116-TBR, 2018 WL 3945891 (W.D. Ky. Aug. 16, 2018) (applying all three

4

applicable tests under Sixth Circuit case law to determine whether a prisoner's offsite medical provider was state actor under § 1983 and finding that it was not).

Accordingly, the Court will allow Plaintiff fifteen (15) days from the date of entry of this order to file an amended complaint with a short and plain statement of facts setting forth each alleged violation of his constitutional rights and the individual(s) and/or entity(ies) responsible for each such violation that he seeks to sue as Defendants.[1] *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). If Plaintiff is unable to name an individual he seeks to hold responsible for a constitutional violation due to not knowing his or her name, he shall name the person as Jane or John Doe and a description of their position, for example "John Doe Police Officer" or "Jane Doe Medical Provider."

## IV.     CONCLUSION

For the reasons set forth above:

1. Plaintiff's motions for leave to proceed *in forma pauperis* [Docs. 5 and 7] are **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to furnish a copy of this order to the Court's financial deputy;

5. The Clerk is **DIRECTED** to send Plaintiff a form § 1983 complaint;

6. Plaintiff has fifteen (15) days from the date of entry of this order to file an amended complaint in the manner set forth above;

---

[1] Plaintiff is **NOTIFIED** that the Court may only address the merits of claims that relate back to Plaintiff's original complaint under Rule 15 of the Federal Rules of Civil Procedure. Accordingly, Plaintiff **SHALL NOT** attempt to set forth any claims in this amended complaint that were not set forth in her original complaint or do not otherwise relate back under Rule 15, as any such claims may be **DISMISSED**.

5

7. Plaintiff is **NOTIFIED** that any amended complaint Plaintiff files will completely replace the previous complaint;

8. Plaintiff is also **NOTIFIED** that if he fails to timely comply with this order, this action will be dismissed for failure to prosecute and failure to follow the orders of this Court; and

9. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

 

**IT IS SO ORDERED.**

ENTER:

 

_____
s/ Leon Jordan
United States District Judge